## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **FRANCISCO MEJIA OLALDE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **KRISTI NOEM, Secretary of the** | ) | **Case No. 25 C 11481** |
| **United States Department of** | ) | |
| **Homeland Security, and** | ) | |
| **SAMUEL OLSON, Field Office** | ) | |
| **Director, Chicago Field Office,** | ) | |
| **Immigration and Customs** | ) | |
| **Enforcement,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Francisco Mejia Olalde, a non-citizen detained by Immigration and Customs Enforcement, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons below, the Court lacks power to grant the writ. The Court transfers Mejia Olalde's petition to the Eastern District of Missouri.

### Background

Mejia Olalde is a native of Mexico. He entered the United States without inspection in 1988 and has resided in the United States since then. He owns a home in Cicero, Illinois and has two children, who are U.S. citizens.

On the morning of September 22, 2025, Mejia Olalde was picking up his daughter from work when he was detained by Immigration and Customs Enforcement (ICE) Officers in Berwyn, Illinois. He was processed at the ICE facility in Broadview,

Illinois.  *See* Defs.' Supp. Status Report.  Around 11:30 AM on that date, Mejia Olalde was moved from Broadview to St. Louis, Missouri, where he arrived around 7:00 PM. *Id.*  About thirty minutes later, he arrived at the Sainte Genevieve County Detention Center in Sainte Genevieve, Missouri.  He filed this habeas petition just before midnight that same evening.

Before filing his habeas petition, Mejia Olalde's counsel repeatedly searched for him on the ICE Detainee Locator, which yielded no results.  His counsel was unable to ascertain where Mejia Olalde was located, but she believed that he remained in Broadview, Illinois and within the Northern District of Illinois, where she filed the petition. In fact, at the time the petition was filed, Mejia Olalde was located in Ste. Genevieve, Missouri, within the Eastern District of Missouri.

## Discussion

"For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'"  *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  "Core" habeas challenge are "challenges to present physical confinement[.]"  *Padilla*, 542 U.S. at 435; *Nance v. Ward*, 597 U.S. 159, 167 (2022) (a claim at the core of habeas "challenges the validity of a conviction or sentence" or would result in relief that would imply that a conviction or sentence was invalid).  *Padilla* presented two intersecting principles governing core habeas petitions:  the district of confinement rule and the immediate custodian rule. Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically "the warden of the facility where the prisoner is being

held." *Padilla*, 542 U.S. at 435.  "By definition, the immediate custodian and the prisoner reside in the same district."  *Id.* at 444.

Applying this principle, *Padilla* held that the Southern District of New York had no jurisdiction over a habeas corpus petition brought by an "enemy combatant" detained at the Consolidated Naval Brig in Charleston, South Carolina.  *Id.* at 446.  The Court was guided by the federal habeas corpus statute, 28 U.S.C. § 2241, which provides that district courts may grant relief "within their respective jurisdictions[.]"  *Padilla*, 542 U.S. at 446.  The Southern District of New York lacked jurisdiction because the proper respondent to the core habeas corpus challenge was the commander of the Brig, who was located in South Carolina, not the Secretary of Defense.  *Id.*  Although Padilla did not challenge immigration detention, the Supreme Court and the Seventh Circuit have applied its principles to habeas corpus petitions challenging immigration detention. *J.G.G.*, 604 U.S. at 672; *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006).

Mejia Olalde argues that the district of confinement rule does not apply because his petition is not a core habeas challenge to his present physical confinement.  Rather, he explains, his petition challenges "his unlawful future detention based on the misapplication of immigration law to him," which has resulted in denial of a bond hearing.  Pet'r's Suppl. Mem. at 1.  He relies on *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  In *Braden*, the Court held that the Western District of Kentucky had jurisdiction to entertain a habeas petition filed by an Alabama prisoner. *Id.* at 500.  Braden's petition contested a Kentucky indictment, which was the basis for a detainer lodged against him by Kentucky officials that could result in future confinement. *Id.* at 486.  Braden's petition did not challenge his Alabama convictions or confinement.

3

Unlike in *Braden*, Mejia Olalde brings a core habeas challenge to his present physical confinement.  His habeas corpus petition requests two specific forms of relief.  First, Mejia Olalde asks the Court to "[g]rant the writ of habeas corpus upon the Respondents directing them to release the Petitioner forthwith[.]"  The petition also asks the Court to "[a]lternatively, issue an order for Respondent to be considered for bond under the framework [of] 8 U.S.C. §[ ]1226(a)[.]"  Via the latter request, Mejia Olalde contends that immigration authorities have inappropriately categorized his detention as arising under 8 U.S.C. § 1225(b)(2)(A), which renders him ineligible for a bond hearing, instead of 8 U.S.C. § 1226(a), under which he would be eligible to seek release.  *See generally Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025) (holding that detention of non-citizens subject to 8 U.S.C. § 1225(b)(2)(A) is mandatory and that immigration judge properly denied respondent's request for a bond hearing).

Mejia Olalde's first and primary form of requested relief is unquestionably a core habeas challenge to present confinement, so the district of confinement rule applies.  The Ninth Circuit held that a similar petition, which likewise sought an immigration court bond hearing, or alternatively a district court order releasing the petitioner, was a core habeas challenge.  *Doe v. Garland*, 109 F.4th 1188, 1193–94 (9th Cir. 2024).  Because Mejia Olalde has brought a core challenge outside the district of his confinement, the petition is not "within [this Court's] respective jurisdiction[.]"  28 U.S.C. § 2241.  The Court may not entertain his petition, even if it may include a non-core claim.  *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 281 (S.D.N.Y. 2025) (Furman, J.) (holding that a "mixed" habeas petition including both core and non-core claims was governed by *Padilla*'s district of confinement and immediate custodian rules).

Had Mejia Olalde only requested a bond hearing, the result might differ.  A judge in the Southern District of New York recently held that a petition seeking only a bond hearing was not a core habeas challenge.  *Caceres v. Joyce*, No. 25-CV-1844 (LAK), 2025 WL 2223032, at *5–6 (S.D.N.Y. Aug. 5, 2025) (Kaplan, J.).  The court looked to *Trump v. J.G.G.*, where the "plaintiffs' claims for relief 'necessarily impl[ied] the invalidity of their confinement and removal under the [Alien Enemies Act]' and therefore fell within the 'core' of habeas corpus, regardless of whether they requested release."  *Id.* at *3 (quoting *J.G.G.*, 604 U.S. at 672)).  The "necessarily impl[ied]" language of *J.G.G.* echoes *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and its progeny, which characterized core habeas challenges as petitions where success "would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).  Under *J.G.G.* and *Preiser*, the court concluded, Caceres' petition fell outside the core of habeas because he "seeks only a hearing which may or may not result in his release from detention."  *Caceres*, 2025 WL 2223032, at *5.  Caceres had "not requested, even in the alternative, that this Court order his release or shorten the duration of his confinement[,]" unlike the petitioner in *Doe v. Garland*.  *Id.* at *5, *6 n.70.  The Court finds *Caceres* and its reading of *J.G.G.* persuasive.  Mejia Olalde's alternative theory that he is detained under the wrong provision of the Immigration and Nationality Act and thereby unlawfully denied a bond hearing likely is not a core habeas challenge.  But the Court cannot overlook Mejia Olalde's request for release, a textbook core habeas challenge to his present physical confinement.

In addition to his arguments on the legal issues, Mejia Olalde presents mitigating factual circumstances, alleging a "constant transfer of non-citizen detainees outside of

5

jurisdiction . . . without prior notice" to non-citizens' attorneys and even DHS-ICE attorneys.  Pet'r's Status Report Resp. at 2–3 & Ex. H (Declaration of Carla I. Espinoza).  In a concurring opinion in *Padilla*, Justice Kennedy acknowledged that exceptions to the rule set out in that case might be appropriate "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention."  *Padilla*, 542 U.S. at 454 (Kennedy, J., concurring).  In this case, however, Mejia Olalde has not alleged any machinations that might warrant an exception to the district of confinement rule under Justice Kennedy's logic.[1]

When a court lacks jurisdiction over a habeas petition, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed[.]"  28 U.S.C. § 1631; *United States v. Prevatte*, 300 F.3d 792, 799 n.3 (7th Cir. 2002) (citing § 1631 as the basis for the court's authority to transfer a § 2241 habeas petition to a court in which the petition could have been filed).[2]  The Seventh Circuit has considered whether a petition is "sufficiently meritorious" to assess whether transfer would serve the interests of justice.  *Prevatte*, 300 F.3d at 799.  Mejia Olalde argues that the government applied the wrong

---

[1] The Court notes in this regard that it has been advised in connection with another similar matter that the local facility in which Mejia Olalde was initially held is not set up for longer-term detention.  The Court does not know whether there are other immigration detention facilities in this district that the government might be claimed to have deliberately bypassed.

[2] As many courts have explained, the district of confinement rule is more closely analogous to venue than subject matter jurisdiction.  *See, e.g.*, *Padilla*, 542 U.S. at 451.  The Court need not dismiss this action, as it would if it lacked subject matter jurisdiction, and instead has the discretion to transfer the petition to the district of confinement.

statute to justify his detention and deny him a bond hearing.  That argument is not frivolous and is sufficiently meritorious to warrant transfer.  The only court in which his petition could have been brought was the district of confinement at the time of filing, the Eastern District of Missouri.  The Court therefore finds transfer to the Eastern District of Missouri appropriate.

The Court also notes that Mejia Olalde's petition was not filed against the immediate custodian.  Mejia Olalde names as respondents Kristi Noem, Secretary of DHS, and Samuel Olson, the Chicago Field Office Director of ICE.  He contends that these officials are the proper respondents because they would control whether he receives a bond hearing.  But the Seventh Circuit has held that the warden of a detention facility, and not an ICE Field Office Director, is the immediate custodian for purposes of a core challenge like Mejia Olalde's.  *Kholyavskiy*, 443 F.3d at 953.

## Conclusion

For the foregoing reasons, the Court lacks jurisdiction over Mejia Olalde's petition for a writ of habeas corpus [dkt. 1].  Pursuant to 28 U.S.C. § 1631, the Court directs the Clerk to transfer the petition forthwith to the Eastern District of Missouri.  The case is terminated on this Court's docket.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  October 7, 2025